Argued June 18, affirmed July 16, petition for rehearing denied
August 23, petition for review denied October 23, 1973

STATE OF OREGON, *Respondent, v.*
SAM KRAVITZ (No. C-72-11-3586 Cr), *Appellant.*
511 P2d 844

*George A. Haslett, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C. J.

Defendant was convicted by a jury of the crime

of promoting prostitution, ORS 167.012 (1)(d). The indictment charged:

> "The said defendant, on or about September 16, 1972, in the County of Multnomah, State of Oregon, did knowingly and unlawfully, with intent to promote prostitution, engage in conduct which instituted, aided, and facilitated an act of prostitution, in that the said defendant did offer one Michael Kelley money of the United States of America to engage in sexual conduct with one Tamara Gilmore, said act of sexual conduct occurring on or about September 16, 1972 * * *."

Defendant owned and managed a theater which he characterizes in his brief as providing "adult entertainment consisting of pornographic movies and live sex act performances." The defendant offered to and did pay one Michael Kelley to engage in sex acts with a Tamara Gilmore before an audience on the stage of the defendant's theater. Thereafter, as stated in defendant's brief, "* * * Miss Gilmore danced a couple of numbers, and then brought Mr. Kelley from the audience up onto the stage. Once Mr. Kelley was on the stage there was embracing, simulated sexual intercourse, and oral sodomy between the two of them."

Defendant's assignments of error are: (1) the indictment does not state facts sufficient to constitute a crime, (2) there was no evidence that the defendant intended to promote prostitution or engage in conduct that instituted, aided or facilitated an act of prostitution, and (3) the trial court erred in refusing to give certain of the defendant's requested instructions. Essentially, defendant's argument is that ORS 167.012 (1)(d) did not intend to apply to the

type of situation presented by this case. The statute reads:

"(1) A person commits the crime of promoting prostitution if, with intent to promote prostitution, he knowingly:
"* * * * *

"(d) Engages in any conduct that institutes, aids or facilitates an act or enterprise of prostitution."

ORS 167.002(2) provides:

" 'Prostitute' means a male or female person who engages in sexual conduct for a fee."

ORS 167.007 provides:

"(1) A person commits the crime of prostitution if he engages in or offers or agrees to engage in sexual conduct in return for a fee.
"(2) Prostitution is a Class A misdemeanor."

There is nothing ambiguous about these statutes. The defendant's contention that "simply offering another money to engage in sexual conduct with a third person is not prostitution" is not relevant. The charge is not that the defendant engaged in prostitution but that he "promoted" an act of prostitution involving Gilmore and Kelley. Defendant's argument that the language of ORS 167.012 (1)(d) "institutes, aids or facilitates" is unconstitutionally vague does not have sufficient merit to warrant discussion.

Nor is there any merit to defendant's contention that there is no evidence to support the verdict. The evidence was that he intended to pay Kelley to engage in sexual activities with Gilmore, and that he did pay him. The promise to pay and the payment were both intended acts and it can be reasonably in-

ferred that the defendant's promise to pay Kelley was at least one of the motivations behind Kelley's conduct. It can therefore be reasonably inferred that the defendant's promise instituted, aided or facilitated the act of prostitution.

The issues defendant's refused instructions sought to cover were adequately covered in other instructions given by the trial court.

Affirmed.